# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 4:08 CR 400 |
| | ) | |
| PLAINTIFF, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT PHILLIPS, | ) | MEMORANDUM OPINION |
| | ) | |
| DEFENDANT. | ) | |

This matter comes before the Court upon Defendant's Motion requesting a Judicial Recommendation for 12 Months Residential Re-Entry Center Placement is hereby GRANTED IN PART and DENIED IN PART. (Docket #89).

## FACTUAL AND PROCEDURAL HISTORY

On July 8, 2009 this Court sentenced Mr. Phillips to a term of 92-months imprisonment on his conviction for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Docket #58).

On July 31, 2015, Mr. Phillips filed a motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2), which was granted on August 26, 2015, under Guideline Amendment 782. (Docket #77,79). As a result, Mr. Phillips federal sentence was reduced to 50 months.

On May 22, 2019, Defendant requested this Court to make a recommendation to the Bureau of Prisons ("BOP") that he be placed in a Residential Re-Entry Center ("RRC") for the specific amount of time of 12 months. (Docket #89).

On July 22, 2019, the United States, in response to Defendant's Motion, filed a motion of partial opposition and recommended this Court to defer to the BOP's experience for determining

the most appropriate time period and placement location for Mr. Phillips. (Docket #91).

## ANALYSIS

The BOP determines the type of facility in which to house a prisoner, as well as the location and length of any term that a prisoner spends in any particular type of reentry facility. *See* 18 U.S.C. §§ 3621(b), 3624 (c). Statutes describing the BOP's responsibilities do contemplate court recommendations regarding the placement of prisoners. *See* 18 U.S.C. § 3621(b)(4)(B).[1] These recommendations are among factors that the BOP must consider in determining a prisoner's placement. *Id.* Further, Section 3621 makes clear that a sentencing court may only recommend that a defendant be imprisoned in a particular type of facility, it has no power to actually order such a placement. *See* 18 U.S.C. § 3621(b). Defendant requests this Court provide the BOP with a judicial recommendation for the BOP to grant the Defendant a placement within an RRC for 12 months. (Docket #89).

The government asserts that this Court should make the broader recommendation that the BOP place Mr. Phillips in some type of halfway house, designated by the BOP, for a significant period of time, determined by the BOP. (Docket #91) As support, the government states that the BOP is in the best position to determine the specific term length and location of a halfway-house because of the BOP's statutory responsibilities, experience, and familiarity with Defendant's

---

[1] While the BOP must consider any statement that the court may have made as to the "type of penal or correctional facility," when determining an inmates placement and programming at sentencing, it is unclear whether district courts have any authority to make such recommendations when acting on post-sentencing motions. *See* 18 U.S.C. § 3621(b). The Court recognizes that courts within the Sixth Circuit have made post-sentencing statements to the BOP recommending, but not ordering, that a defendant be released to a residential re-entry program. *See, e.g., United States v. Ahmed*, No. 1:07CR00647, 2017 WL 5166427, at *1 (N.D. Ohio Nov. 8, 2017); *United States v. Bartels*, No. 1:12CR20072, 2016 WL 6956796, at *1-2 (E.D. Mich. Nov. 29, 2016); *United States v. Marshall*, No. 2:16CR00096, 2018 U.S. Dist. LEXIS 10499 (E.D. Tenn. Jan. 23, 2018); *but see United States v. Tipton*, No. 1402142, 2018 U.S. Dist. LEXIS 49178 at *2 (E.D. Mich. Mar. 26, 2018).

individualized situation. *Id.*

Recognizing that a courts recommendation is not binding on the BOP, this Court recommends, without objection, that the BOP place Defendant in some type of halfway house, designated by the BOP, in order to assist him in successful re-entry to the community upon the completion of his sentence. This Court, however, declines Defendant's request to issue a recommendation to the BOP that it place him in an RRC for a period of 12 months. If the BOP determines that an RRC or halfway house facility is appropriate, the Court will defer to the BOP to determine the specific placement and time period that is most suitable for Mr. Phillip's case.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion requesting a Judicial Recommendation for 12 Months Residential Re-Entry Center Placement is hereby GRANTED IN PART and DENIED IN PART. This Court RECOMMENDS placement within some type of halfway house, but leaves the duration and location up to the discretion of the BOP.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: September 27, 2019